IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| REGINALD TYRONE MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-cv-02246-SEM-TSH |
| | ) |
| DAN WILLIAMS, PHYSICIAN ASSISTANCE | ) |
| (P.A.), NANCY STEVELEY, NURSE, | ) |
| ADVANCED CORRECTIONAL HEALTHCARE, | ) |
| INC. ("ACH"), PRIVATE HEALTHCARE | ) |
| COMPANY,SUED IN THEIR INDIVIDUAL AND | ) |
| OFFICIAL CAPACITIES. AT ALL TIMES | ) |
| RELEVANT TO THE EVENTS DESCRIBED | ) |
| HEREIN, THE DEFENDANTS HAVE ACTED | ) |
| AND CONTINUE TO ACT UNDER COLOR OF | ) |
| FEDERAL LAW, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE FOURTH AFFIRMATIVE DEFENSE

NOW COMES Defendants DAN E. WILLIAMS, P.A. and NANCY STEVELEY, by their attorneys, QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO, and as and for their Memorandum of Law in Support of Defendant's Motion for Leave to File Fourth Affirmative Defense, state as follows:

### I.   Introduction

On October 23, 2015 Plaintiff filed his Section 1983 Complaint against Defendants Dan Williams and Nancy Steveley. Previously, On May 29, 2015, Plaintiff filed a claim, pursuant to Section 1983, against Moultrie County Jail employees and officials (Case No. 14-CV-02125). At issue in both Complaints is Plaintiff's assertion that the various defendants were deliberately indifferent to the Plaintiff's wisdom tooth pain, and delayed appropriate treatment for that condition. On January 28, 2016 the Central District of Illinois entered Judgment in favor of the

Defendants in Case No. 14-CV-02125. Plaintiff did not appeal the Court's grant of summary judgment, and that Order became final on or about March 1, 2016.

When Defendants Williams and Steveley filed their Answer and First Affirmative Defenses on January 11, 2016, the affirmative defense of collateral estoppel, or issue preclusion, was not available to them because the District Court had not yet entered its Order with regard to the Motion for Summary Judgment in Case No. 14-CV-02125. As Defendants are filing their Motion for leave to file their fourth affirmative defense at their earliest opportunity, they respectfully request the Court grant them leave to file their Fourth Affirmative Defense asserting collateral estoppel.

## II.     Argument

Federal Courts have traditionally adhered to the doctrine of collateral estoppel. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Under collateral estoppel, once a Court has decided an issue of fact or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case *Id.*

Collateral estoppel can be used "offensively" in a new federal suit against the party who lost on the decided issue in the first case, provided the party had a full and fair opportunity to litigate that issue in the earlier case. *Id.* 95. Additionally, the party must have had a "meaningful opportunity to appeal" the resolution of the issue. *DeGuelle v. Camilli*, 724 F.3d 933, 935-936 (7th Cir. 2013). When the conditions for applying collateral estoppel are satisfied, the doctrine promotes important goals: it allows a party only one opportunity to litigate an issue thereby conserving the time and resources of the parties and the court; promotes the finality of judgments; preserves the integrity of the judicial system by eliminating inconsistent results; and ensures that a party not be able to re-litigate issues already decided against it in prior litigation. *Id.* 936.

Typically, collateral estoppel must be raised as an affirmative defense in the defendants Answer or it will be found to have been waived. *Moriarty v. Hills Funeral Home Ltd.* 93 F.2d 910,

920 (N.D. Ill 2000), *overruled on other grounds*. However, when the preclusion defense does not become available until later into litigation, as is the case here, the defense must be raised "at the first reasonable opportunity" after the rendering of the decision having the preclusive effect. *Id.* citing *Aetna Casualty Surety Company v. General Dynamics Corp.* 968 F2d 707, 711 (8th Cir. 1992). (It is proper to raise the issue of collateral estoppel at any stage of the proceedings, so long as it is raised at the first reasonable opportunity after the rendering of the decision having the preclusive affect.)

Here, at the time Defendant's filed their Answer and First Affirmative Defenses, the defense of collateral estoppel was not available to them because the District Court had not yet ruled on the Motion for Summary Judgment filed in Case No. 14-CV-02125. The Defendants' are filing the instant motion within one week of the judgment giving rise to the preclusion defense becoming final. Defendants also note that the Motion is being filed within 60 days of their initial Answer, and the case remains in the early stages of the litigation. Accordingly, because Defendants' have exercised due diligence in timely raising this issue, they respectfully request that the Court enter an Order allowing them to file their Fourth Affirmative Defense.

WHEREFORE, Defendants pray that this Court enter judgment in favor of the Defendants, and against the Plaintiff, together with reasonable attorney's fees, costs, and such other relief as the Court deems just.

DAN E. WILLIAMS, P.A. and NANCY STEVELEY, Defendants

By: _____*s/Christopher D. Galanos*_____
Christopher D. Galanos
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO

4845-8821-3550, v. 1

Christopher D. Galanos (Illinois Bar No. 6296544)
QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
400 South Ninth Street, Suite 102
Springfield, IL 62701
Telephone:   (217) 753-1133
Facsimile:   (217) 753-1180
E-mail:      cgalanos@quinnjohnston.com

4

4845-8821-3550, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that on ___3/7/16___, I electronically filed a Fourth Affirmative Defense with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

None at this time.

I hereby certify that on ___3/7/16___, I sent, via U.S mail, a copy of an Answer and Affirmative Defenses to:

**LEGAL MAIL**
Reginald Tyrone Murphy
I.D. No. 19071-026
FCI Talladega
P.O. Box 1000
Talladega, AL 35160

        *s/Christopher D. Galanos*
        Christopher D. Galanos (Illinois Bar No. 6296544)
        QUINN, JOHNSTON, HENDERSON, PRETORIUS & CERULO
        400 South Ninth Street, Suite 102
        Springfield, IL 62701
        Telephone:   (217) 753-1133
        Facsimile:    (217) 753-1180
        E-mail: cgalanos@quinnjohnston.com