## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **REGINALD TYRONE MURPHY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 15-2246-SEM-TSH** |
| | ) | |
| | ) | |
| **DAN WILLIAMS and** | ) | |
| **NANCY STEVELEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Defendant Dan Williams and Defendant Nancy Steveley's motion for summary judgment. Defendants are entitled to the judgment that they seek because Plaintiff Reginald Tyron Murphy's claim is barred by the doctrine of collateral estoppel. In addition, the undisputed facts show that Defendants were not deliberately indifferent to Murphy's dental needs.

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law.  FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer,* 70 F.3d 498, 500-01 (7th Cir. 1995).  The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.,* 112 F.3d 291, 294 (7th Cir. 1997).  "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).  "As with any summary judgment motion, we review cross-motions for summary judgment construing all facts, and drawing all reasonable inferences from those facts, in favor of the nonmoving party." *Laskin v. Siegel,* 728 F.3d 7314, 734 (7th Cir. 2013) (internal quotation marks omitted).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is

a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 261 (Brennan, J., dissenting) (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 252.

During the relevant time, Murphy was a federal pre-trial detainee who was being held at the Moultrie County Jail. Defendant Dan Williams is a physician's assistant licensed by the State of Illinois. Defendant Nancy Steveley is a nurse licensed by the State of Illinois. Both Williams and Steveley provided health care services to inmates and to detainees at the Moultrie County Jail based upon a contract that the Jail maintained with their employer, Advanced Correctional Healthcare, Inc.

In addition to this case against Williams and Steveley, Murphy filed a separate suit with this Court against Sheriff Jeff Thomas,

Jodi Trussell, and Robert Kidd complaining of the treatment—or lack thereof—that he received for his dental needs while he was housed at the Moultrie County Jail. *Murphy v. Thomas*, CDIL Cause Number 14-2125. During the relevant time, Jeff Thomas was the Moultrie County Sheriff; Jodi Trussell was the Moultrie County Jail Administrator; and Robert Kidd was a Sergeant at the Moultrie County Jail. The Honorable Colin S. Bruce, United States District Judge, granted Defendants' motion for summary judgment in that case after finding that there were no genuine issues of material fact that needed to be decided by a trier of fact and that Defendants were entitled to judgment as a matter of law on Murphy's deliberate indifference claim.

Now, Williams and Steveley move for summary judgment in this case. Williams and Steveley move for summary judgment on two grounds. First, they argue that Murphy's claim in this case barred by the doctrine of collateral estoppel. Second, Williams and Steveley argue that the undisputed facts show that they were not deliberately indifferent to Murphy's dental needs but that they provided care each time that Murphy sought help.

Initially, the Court notes that Murphy has failed to respond to Defendants' motion for summary judgment and that the time for him to do so under the Local Rules has expired.  As a result, Murphy has offered no evidence in response to Defendants' evidence with which to demonstrate a genuine issue of material fact sufficient to defendant their motion for summary judgment. Despite Murphy's failure to respond, the Court is cognizant that "[s]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion." *Boyd v. Habeck*, 2013 WL 518966, * 1 (E.D. Wis. Feb. 12, 2013)(citing Fed. R. Civ. Pro. 56(e) advisory committee note to 2010 amendments).  Accordingly, the Court has reviewed the evidence submitted by Defendants in order to determine whether a genuine issue of material fact exists that would preclude summary judgment in their favor.  The Court finds that no such disputed fact exists and that Defendants are entitled to judgment as a matter of law. *Abbot v. Gale*, 896 F.2d 323, 326 (8th Cir. 1990)(holding that where a defendant denies the allegations of the complaint and a plaintiff then fails "to respond with evidence in support of [her] claim," the court is justified in granting summary judgment.).

The doctrine of res judicata prevents a court from re-litigating prior rulings by giving those rulings dispositive force whenever the prior ruling: (1) was a final decision, (2) involved a dispute arising from the same transaction as the current suit, and (3) involved the same litigants or their privies. *Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011). "Similarly, the doctrine of collateral estoppel precludes re-litigation of an issue decided in a prior lawsuit where (1) the issue before the Court is the same as the issue in the prior lawsuit, (2) the issue was actually litigated, (3) the determination of the issue was essential to the final judgment and (4) the party against whom estoppel is invoked was fully represented in the prior action." *Atain Specialty Ins. Co. v. Chouteau Prop. Mgmt., Inc.*, 2016 WL 4014767, * 2 (S.D. Ill. July 27, 2016) (citing *Matrix IV, Inc. v. American Nat'l Bank & Trust Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011)).

In entering summary judgment in Thomas, Trussell, and Kidd's favor in Cause number 14-2125, Judge Bruce opined:

> The undisputed evidence reveals that PA Williams and Nurse Steveley exercised their professional judgment in determining that surgery was not necessary while they continually monitored his situation, provided antibiotics as needed, and provided pain medication to Murphy as

needed. *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)(holding that a medical provider's opinion is generally entitled to deference). When the situation became worse, PA Williams and Nurse Steveley began the process to seek an outside referral to a dentist and, ultimately, to an oral surgeon who extracted his wisdom tooth. There simply is no verifying medical evidence in the summary judgment record to show that any alleged delay in treatment caused Murphy to suffer some degree of harm or somehow violated Murphy's Fourteenth Amendment rights. *Id.*

On the contrary, Murphy offers nothing more than his unsubstantiated opinion that he should have had his wisdom tooth pulled sooner, but his opinion is not evidence sufficient to preclude summary judgment in Defendants' favor. "A prisoner has the right to medical care; however, he does not have the right to determine the type and scope of the medical care he personally desires." *Carter v. Ameji*, 2011 WL 3924159, * 8 (C.D. Ill. Sept. 7, 2011)(citing *Coppinger v. Townsend*, 398 F.3d 392, 394 (10th Cir. 1968)).

*Murphy v. Thomas*, CDIL Cause No. 14-2125, Summary Judgment Order.

Murphy had a full and fair opportunity to litigate the dental care that he received from Williams and Steveley in the case before Judge Bruce. Judge Bruce found that the evidence demonstrated that Murphy had failed to substantiate his deliberate indifference claim.

Murphy has not offered any evidence or argument in this case to show that Judge Bruce erred or to show that collateral estoppel should not apply to bar this action.  Accordingly, the Court finds that collateral estoppel bars Murphy's claim in this case.

Even if collateral estoppel did not apply, the evidence presented by Williams and Steveley shows that they provided dental care to Murphy whenever he requested it or whenever they believed that Murphy needed it.  Again, Murphy has offered no evidence with which to create a genuine issue of material fact sufficient to defeat Defendants' motion for summary judgment.  Accordingly, Defendants are entitled to the summary judgment that they seek.

**IT IS, THEREFORE, ORDERED:**

1.   **Defendants' Motion for Summary Judgment [26] is GRANTED.   The Clerk of the Court is directed to enter judgment in Defendants' favor and against Plaintiff.  All other pending motions are denied as moot, and this case is terminated, with the Parties to bear their own costs.   All deadlines and settings on the Court's calendar are vacated.**

    2.    If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).

    3.    If Plaintiff wishes to proceed in forma pauperis on appeal, his motion for leave to appeal in forma pauperis must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED this 15th day of September, 2016

                                  s/ Sue E. Myerscough
                                   SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE